1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, | Case No.: 2:14-cv-4309-RGK-AGR |
| Plaintiff, | |
| v. | ~~PROPOSED~~ JUDGMENT |
| JORGE MARTINEZ, individually and doing business as TURNAROUND SPORTS BAR; DIEGO GUITIERREZ, | |
| Defendants. | NOTE CHANGES MADE BY THE COURT. |
| JORGE MARTINEZ, individually and doing business as TURNAROUND SPORTS BAR, | |
| Counterclaimant, | |
| v. | |
| CENTURY INSURANCE COMPANY, | |
| Counterdefendant. | |

On June 18, 2014, Century Surety Company ("Century") filed a First Amended Complaint ("FAC") against defendants Jorge Martinez, individually and doing business as Turnaround Sports Bar ("Martinez"), and Diego Gutierrez ("Gutierrez"). The FAC contains cause of action for declaratory relief and rescission of the insurance

1

420773.1

WOOLLS [&] PEER
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

policy Century issued to Martinez ("the Policy"). The disputes at issue in the FAC are

1) whether Century owes a duty to defend Martinez in a state court action filed against

him by Gutierrez, ~(the "Underlying Action")~ arising from a physical altercation that took place at Martinez's bar,

and 2) whether Century may rescind the Policy it issued to Martinez based on

misrepresentations in the application for that Policy. On July 9, 2014, Martinez filed

an answer to the FAC and counterclaims against Century for breach of contract and

breach of the implied covenant of good faith and fair dealing. On July 24, 2014

Century filed its answer to the counterclaims and filed an amended answer on July 25,

2014. On August 28, 2014, Gutierrez filed an answer to the FAC.

On September 30, 2014, Century filed a Motion for Summary Judgment, or Alternatively, for Partial Summary Judgment ("the Motion"). Gutierrez filed an opposition to the Motion, but Martinez did not. The hearing on the motion was scheduled for November 3, 2014. On October 27, 2014, the Court issued an order taking the Motion under submission without a hearing.

On November 26, 2014, the Court issued an Order granting Century's motion for summary judgment.

THEREFORE IT IS ORDERED AND ADJUDGED AS FOLLOWS:

1.     The plain language of Century's assault and battery exclusions apply to preclude coverage for the claims brought by Gutierrez against Martinez in the Underlying Action. Gutierrez fails to raise a genuine issue as to whether the assault and battery exclusions were included in the Century Policy issued to Martinez and Gutierrez failed to argue that the damages he seeks in the Underlying Action do not fall within the assault and battery exclusions. Martinez failed to file an opposition to the Motion. Thus, there is no potential that the claims alleged in the Underlying Action fall within the coverage provided by the Century Policy and Century owes no obligation to defend or indemnify Martinez in the Underlying Action filed by Gutierrez. Judgment is rendered in favor of Plaintiff Century Surety Company against Defendant Jorge Martinez, individually and doing business as Turnaround Sports Bar,

WOOLLS ⬦ PEER

A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

420773.1

1  and Defendant Diego Gutierrez with respect to the First Cause of Action for

2  Declaratory Relief in the First Amended Complaint.

3     2.     It is undisputed that Martinez's Liquor Liability Application contained

4  false, material representations. Century is thus entitled to rescind the Century Policy

5  issued to Martinez and refund the Policy premium to Martinez pursuant to California

6  Civil Code Section 1691. Judgment is rendered in favor of Plaintiff Century Surety

7  Company against Defendant Jorge Martinez, individually and doing business as

8  Turnaround Sports Bar, and Defendant Jorge Martinez with respect to the Second

9  Cause of Action for Rescission in the First Amended Complaint.

10    3.     Martinez's counterclaims for breach of contract and breach of the implied

11 covenant of good faith and fair dealing are both predicated upon Century's refusal to

12 perform its alleged obligation to defend Martinez in the Underlying Action. In light of

13 this Court's above holdings, both of the counterclaims fail as a matter of law. First,

14 Century did not owe a duty under the Policy to defend or indemnify Martinez in the

15 Underlying Action. Second, the Policy is rescinded, and thus unenforceable. Judgment

16 is rendered in favor of Counterdefendant Century Surety and against Counterclaimant

17 Jorge Martinez, individually and doing business as Turnaround Sports Bar with

18 respect to the Counterclaim filed by Martinez.

19    JUDGMENT IS THUS ENTERED in Century Surety Company's favor with

20 respect to its first amended complaint against Jorge Martinez, individually and doing

21 business as Turnaround Sports Bar, and Diego Gutierrez and with respect to Jorge

22 Martinez's counterclaim for breach of contract and breach of the implied covenant of

23 good faith and fair dealing. Century Surety Company is entitled to costs, the amount

24 of which is to be determined upon application to the Clerk of

25 DATED: 12 - 05 - 2014          the Court.

R. Gary Klausner
District Court Judge

26

27

28

3

WOOLLS | PEER
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

420773.1